Bockes, J.
The action was for damages claimed to have resulted to the plaintiff from the defendant’s negligence. A verdict was rendered for the defendant. A motion to set aside the verdict and for a new trial made on the minutes and exceptions was denied. Judgment being entered, the plaintiff appealed to the general term.
The verdict was rendered against the plaintiff doubtless on the ground of his contributory negligence; at least the leading question to be considered on this appeal relates to that subject.
The accident occurred at the village of Hoosick Falls, where the plaintiff, being on the track, was struck by a locomotive belonging to the defendant, having attached to it fifty freight cars, thirty of which were loaded. It was in the early part of the day, soon after the plaintiff had breakfasted. The plaintiff testified that immediately after he took his breakfast he went out and along several of the streets, finally came where the train was standing blocking the way and headed north; that he then passed along north on the west side of the track until he came to the locomotive, when, wishing to cross, he stepped in onto the track, about six feet ahead of the engine, and was immediately struck by the cow-catcher and his legs were crushed. He gave the occurrence thus: “At the time I started to go across the track the tram was standing still; I walked once, a step, and I don’t think I made the second; he (the engineer) started the train behind me, and he swept me right off the track with the cow-catcher.” That the plaintiff saw the engine when he stepped in onto the track before it, distant only about six feet, perhaps less, is not disputed. Whether the train was or was not moving at the time was made a question of fact. According to the testimony of the plaintiff and his witnesses the train was standing still. On .the other hand, the defendant’s witnesses said it was then moving; that it did not stop until after the accident.
This was the important question in the case. If the plaintiff, seeing the train in motion, stepped in before the •engine at the distance only of five or six feet from it he should be held most unquestionably to have contributed to the injury by his own negligence, not to say by his own reckless conduct; and so, too, he would be held to contributory negligence if, seeing the engine and train, he omitted to correctly inform himself whether the train was or was "not in motion before venturing upon the track only a few feet in front of it. The evidence being contradictory on *589 the question whether the train was or was not then in motion the trial judge properly left this to the jury; instructing them that if they found the fact to be that the train was then in motion their verdict should be for the defendant. This instruction was clearly right. Had the fact been undisputed, or conclusively proved, that the train was then in motion, the court could and should have directed a nonsuit. It follows that if the jury found such to have been the fact then their verdict should be for the defendant; and so, too, as the case stood before the court the judge was right in his remarks to the jury as follows:
“ If you find that this train was moving at the time when this man attempted to cross, then you will find a verdict for the defendant; because he had no right to attempt to cross when that train was moving. Perhaps I am a little broad in my statement of that proposition, that if under any circumstances you shall find that the train was moving and this plaintiff got injured you must find a verdict" for the defendant. I say, if you find that this train was moving and was in plain sight, and that the man, if he had looked, could have seen it was moving, then if he attempted to cross, knowing it was moving, he is not entitled to recover; or if by the use of his senses he could have seen that the train was moving, and did not use those senses, then lie is not entitled to recover, because he is bound to use the senses which God gives him at such a place for the purpose of seeing whether there is danger or not in crossing a railroad track.”
This language, although emphatic, was in no respect erroneous in law, as applicable to this case. As above suggested, had the fact that the train was moving been conceded or conclusively proved, there should have been a non-suit. To have refused it would have been error. The question was a vital one in the action, and rested upon the existence of a single fact, which, if found for the defendant, determined the case in its favor. It has been held repeatedly that it is negligence in one to attempt to cross a railroad track without making any observation as to approaching trains; much more would it be negligence in one seeing the locomotive and train, and knowing of its proximity, to step in upon the track just before the engine and but a few feet from it, if under way, and the person saw and knew that the train was approaching, such act on his part would be negligence per se, as matter of law. So, if in fact under way, but not observed by him to be approaching, his want of attention in not making proper observation for his safety would likewise be negligence, which would bar his right of recovery for any injury caused by the moving train. Thus, the case here turned upon the single fact whether the train was under way when the plaintiff stepped in upon the track just before the engine. In this" respect, it is unlike those cited by the plaintiff’s counsel, Dixon v. Brooklyn City and N. R. R. Co. (10 N. Y., 170), Sykes v. R. R. C., (10 W. D., 430, affirmed 88 N. Y., 644), Burgess v. R. R. C., (13 W. D., 499), and kindred cases, wherein there existed a combination of facts and circumstances, all of which required to *590 be considered, with their particular bearing upon the subject, in order to determine the question.
The case is more like Wendell v. R. R. Co. (91 N. Y., 420), and the remarks of the chief judge in this case has directness and pertinency here. The learned judge says: ‘ ‘ Under the circumstances we think he was negligent in going upon the track without looking to see whether the train was coming or not; or, if he did look and see it, in doing so while it was in such dangerous proximity. The exercise of active vigilance, under such circumstances, was a duty which the law imposes upon every person who attempts to cross a railroad track. He should not be permitted to make close calculations, to determine whether he can safely pass in front of an approaching body, and, when the experiment has failed, charge the consequences of his mistake upon the owner of the colliding vehicle or property.” See, also, Smith v. R. R. Co., 19 W. D., 230; Connolly v. R. R. Co., 88 N. Y., 346. We are of the opinion that the learned judge was correct in law in his ruling and remarks above considered. .
It is further urged that the verdict of the jury was against the evidence, and that the motion for a new trial on this ground should have been granted. This ground of error is very manifest without support, as are also the exceptions urged to some ruling on questions of evidence. These subjects require, as we think, no extended comment.
The judgment and order appealed from should be affirmed, with costs.
Landon, J., concurs.